S94A1539. RUSSELL v. THE STATE.
S94A1536. JONES v. THE STATE.
(455 SE2d 34)

FLETCHER, Justice.

A jury convicted Demetra Latrell Russell of malice murder in connection with the stabbing death of 17-year-old Nocera Tucker.

---

The jury acquitted Melinda Diane Jones of malice murder, but convicted her of felony murder, with aggravated assault as the underlying felony. Both defendants were sentenced to life imprisonment. We affirm Russell's conviction, but reverse Jones' conviction.[1]

1. The evidence presented at trial shows that Tucker got out of a moving car to accost Russell, who was 18 years old, and Jones, her 17-year-old aunt, as they were walking home in a trailer park. Eyewitnesses testified that Tucker and Russell were fussing and pushing each other when Russell pulled out a kitchen steak knife and stabbed Tucker in the chest. He returned to the car holding his chest, got a piece of weed cutting equipment from the car trunk, swung it at Russell, and knocked her down. At some point Jones stabbed Tucker in the back with a pocketknife. Tucker was swinging the weed cutter and fending off Jones and Russell when he fell. The two continued to stab him, wounding him seven times. Tucker returned to the car, but died from the chest wound in an ambulance on the way to the hospital. Police arrested Russell at the scene still holding the knife in her hand. She admitted the stabbing, but claimed it was in self-defense. Police arrested Jones later after the autopsy showed that a different knife had caused the three back wounds. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found both Russell and Jones guilty of murder. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Six months after Tucker's death and two weeks before trial, Russell threatened someone by saying she had killed one person and would not mind killing another person. The trial court did not err in allowing the state to present testimony concerning her statement as an admission that she had killed Tucker. See *Ingram v. State,* 253 Ga. 622, 632-633 (323 SE2d 801) (1984) (concluding that defendant's incriminating statements that he was wanted for murder were admissible). In addition, the state met the requirements for introducing the evidence as an independent act under *Williams v. State,* 261 Ga. 640, 642 (409 SE2d 649) (1991). In the absence of a request, the trial court was not required to give a limiting instruction.

3. Relying on *Edge v. State,* 261 Ga. 865 (414 SE2d 463) (1992), Jones contends that the trial court erred in its jury charge on felony murder, voluntary manslaughter, and aggravated assault, the underly-

---

[1] The crimes occurred on July 5, 1993, and Russell and Jones were each indicted for malice murder and felony murder on August 31, 1993. On January 27, 1994, a jury convicted them and the judge sentenced each of them to life imprisonment. Russell and Jones filed motions for a new trial, which were denied on June 3, 1994. Russell and Jones filed a notice of appeal on June 10, 1994, and their appeals were docketed on July 6 and July 7, 1994. The court heard oral arguments in the cases on October 18, 1994.

ing felony on the felony murder count. In *Edge,* we disapproved of sequential charges that prevented juries from fully considering voluntary manslaughter. In footnote three, we stated:

> In addition to the statutory definitions of the crimes involved, for example, murder, felony murder, and voluntary manslaughter, the jury should be admonished that *if it finds provocation and passion with respect to the act which caused the killing, it could not find felony murder, but would be authorized to find voluntary manslaughter.* Such instructions are necessary only when the aggravated assault is perpetrated against the homicide victim and is an integral part of the killing and when the evidence authorizes a voluntary manslaughter charge.

(Emphasis supplied.) Id. at 867, n. 3.

In this case, the trial court followed *Edge* by giving instructions on Count 1 concerning malice murder and voluntary manslaughter before charging the jury on Count 2 concerning felony murder and by telling the jury to reach a verdict on both malice murder and voluntary manslaughter before considering its verdict on the felony murder count. The trial court, however, did not give the admonition required in footnote three, despite the criteria for the charge being met. The aggravated assault was perpetrated against the homicide victim, the assault was an integral part of the killing, and the evidence authorized a voluntary manslaughter charge. The two eyewitnesses who were not involved in the fight testified that Jones did not stab the deceased in the back, resulting in superficial wounds, until after he knocked her niece to the ground with the weed-cutting equipment. In considering the felony murder count, the jury should have been instructed that if it found that the aggravated assault was the result of provocation and passion, it could not find Jones guilty of felony murder, but would be authorized, but not required, to find her guilty of voluntary manslaughter. See id. Because the trial court failed to give the jury this instruction, we reverse Jones' felony murder conviction.

4. In her remaining enumerations of error, Jones contends that the trial court erred in denying her additional peremptory strikes, shifting the burden of proof, and recharging the jury. Having reviewed the record, we conclude that the trial court did not abuse its discretion in ruling on these motions or instructing the jury in its recharge.

*Judgment affirmed in Case No. S94A1539. All the Justices concur. Judgment reversed in Case No. S94A1536. All the Justices concur, except Hunt, C. J., Hunstein and Carley, JJ., who dissent.*

HUNT, Chief Justice, dissenting.

I do not disagree that the "footnote 3" charge fits this case and should have been given on this request. Jones did not request it, did not object to its omission, nor did she reserve objections to the charge.

Her specific objection was the sequence in which the potential offenses were reviewed by the trial court and that was her *only* objection. The opinion correctly holds that the charge was not sequential and, therefore, her conviction should be affirmed. I respectfully dissent.

I am authorized to state that Justice Hunstein and Justice Carley join in this dissent.

DECIDED MARCH 17, 1995.

*Reginald L. Bellury,* for appellant (case no. S94A1539).
*Philip B. Spivey,* for appellant (case no. S94A1536).
*Fredric D. Bright, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Michael D. Groves, Assistant Attorney General,* for appellee.