## S97A0486. MINER v. THE STATE.

(485 SE2d 456)

HUNSTEIN, Justice.

Ira Odell Miner was indicted on charges of malice murder, felony murder and aggravated assault arising out of the stabbing death of Wesley Moore. Miner was found guilty on all counts and sentenced to life imprisonment.[1] He appeals and we affirm.

1. A jury was authorized to find that on the morning of August 19, 1995 Miner, Moore and several friends were drinking heavily outside Moore's home. Miner, Moore and another individual were sitting on the front porch when Miner, without provocation, fatally stabbed Moore in the chest. A short time later, police found Miner lying in a dog pen, highly intoxicated, with a pocketknife with what appeared to be blood smeared on it. Miner admitted stabbing Moore but claimed he did so only after Moore bragged about "beating him" on a previous occasion. Reviewing the evidence in a light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Miner guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In response to a jury question, the trial court recharged on the definition of malice murder and submitted to the jury copies of various charges for its consideration. Miner contends that the trial court erred by providing additional written instructions not given in the trial court's original oral instructions, specifically, charges on motive, murder during the commission of a felony and provocation by words alone.

It is within the discretion of the trial court to give or not to give unrequested additional instructions when the jury requests a recharge on a particular point, *Patterson v. State*, 264 Ga. 593 (2) (449 SE2d 97) (1994), and the discretion includes the giving of unrequested instructions not contained in the trial court's original charge. *Taylor v. State*, 169 Ga. App. 842 (2) (315 SE2d 661) (1984). Under the facts of this case, the additional instructions were accurate statements of the law and were authorized by the evidence. Therefore, we find no abuse of the trial court's discretion. See id. Nor was it an abuse of discretion for the trial court to recharge in written form. See *Anderson v. State*, 262 Ga. 26 (3) (413 SE2d 732) (1992).

---

[1] The crime was committed on August 19, 1995. Miner was indicted during the October 1995 term of the Bartow County grand jury and a jury trial was held on February 19-20, 1996. Miner was found guilty of all charges and sentenced to life imprisonment. A motion for new trial was filed March 7, 1996, amended on October 4, 1996, and denied on October 23, 1996. On November 13, 1996, Miner filed a notice of appeal. The case was docketed in this Court on December 17, 1996 and submitted for decision without oral argument on February 10, 1997.

3. Miner argues that the trial court committed reversible error by failing to instruct the jury that the burden is on the State to prove beyond a reasonable doubt that the offense of murder is not mitigated by provocation and passion. In its original charge, the trial court instructed the jury that

> the burden of proof is upon the State to prove every essential element of the crime charged and every material allegation of the indictment beyond a reasonable doubt. There is no burden of proof, whatsoever, upon this defendant, and the burden of proof never shifts to a defendant to prove his or her innocence.

On recharge, the jury received the written pattern instruction on voluntary manslaughter which included language charging that the burden of proof is upon the State to prove beyond a reasonable doubt that the murder offense is not mitigated by provocation or prejudice. While the better practice would have been for the trial court to include in its oral instruction the language from the pattern charge placing the burden of proving the absence of provocation or passion upon the State, we find the trial court's oral and written instructions as a whole adequately informed the jury of the State's burden of proof. See *Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177) (1987).

4. Miner contends the trial court's oral and written charges to the jury violated *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992). He claims the court erred in its oral charge by failing to include the specific language required by *Edge*. Nothing in *Edge* requires that a trial court instruct a jury according to an exact formula; the intent of *Edge* was to preclude a sequential charge which could allow juries to find defendants guilty of felony murder without consideration of evidence of provocation or passion which might authorize a verdict of voluntary manslaughter. *Shaw v. State*, 263 Ga. 88 (428 SE2d 566) (1993); *Edge*, supra at 867. Here, the trial court instructed the jury to "first make a determination as to whether or not any sudden, violent, or irresistible passions were involved" which would reduce malice murder to voluntary manslaughter and to "first determine mitigating circumstances before finding felony murder." Considering the instructions given as a whole, *Hambrick*, supra, we find no error in the trial court's oral instructions.

Miner claims the trial court's written instructions were sequential in violation of *Edge* because the charge on voluntary manslaughter was contained on the last page of the stapled jury instruction pamphlet rather than immediately following the definitions of both malice murder and felony murder. Even assuming the order of the written instructions constituted a sequential charge, any error in the

charge was harmless. Miner was convicted of both malice murder and felony murder. By finding that Miner acted with malice in causing the death of Moore, the jury necessarily found that he acted without the provocation sufficient to authorize a verdict of guilty of voluntary manslaughter. *McGill v. State*, 263 Ga. 81 (3) (428 SE2d 341) (1993).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 28, 1997 —
RECONSIDERATION DENIED MAY 30, 1997.

*White & Choate, Harold J. Choate III,* for appellant.

*T. Joseph Campbell, District Attorney, Lance T. McCoy, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.