## S97A0651. HARRISON v. THE STATE.
### (492 SE2d 218)

BENHAM, Chief Justice.

Doretha Delores Harrison was tried on an indictment charging her with the malice murder of Ashley Lenard Arthur, her boyfriend and housemate, and was convicted of felony murder.[1]

1. The State presented evidence that appellant and the victim socialized with another couple the evening of June 24, 1995, and were dropped off at appellant's home between 10:30-11:00 p.m. About four hours later, the victim arrived at the couple's home and asked the man to accompany him to appellant's home in order that the victim could remove his personal belongings. While the victim carried his clothing and possessions to the friend's car, appellant sat crying on the sofa. Just before the victim and the friend drove off, the victim exited the car and reentered appellant's home, saying he had forgotten something. Fifteen to twenty minutes later, the friend exited the car and approached the house where he heard appellant say, "Ashley, stop. Just leave. Stop hitting me and leave."[2] At that point, the friend entered the home, found appellant and the victim in a back room with the victim standing over appellant and appellant holding her chest. The friend forcibly removed the victim from the room and accompanied him to the porch of the house. Appellant followed the men out of the house and shot the victim with a .25 caliber handgun as he stood facing her 12-20 feet away. The forensic pathologist who performed the autopsy testified that the bullet entered the victim's mouth, knocked out several teeth, and exited at the base of the backside of his neck. The evidence was sufficient to authorize the jury to conclude that appellant was guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d

---

[1] The crime occurred on June 25, 1995, and appellant was arrested the same day. She was charged with malice murder in an indictment returned on July 24, 1995, and she was tried June 12-14, 1996. The jury returned a verdict of guilty of felony murder, and appellant was sentenced to life imprisonment. Her motion for new trial, filed July 11 and amended September 23 and October 10, 1996, was denied December 2. The notice of appeal was filed December 12, and the appeal docketed in this Court on January 17, 1997. Oral argument was heard on April 24, 1997.

[2] In an interview taped by police the day of the crime, the friend stated that he heard appellant tell the victim to get off her and leave.

560) (1979).

2. Citing *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), and *Russell v. State*, 265 Ga. 203 (455 SE2d 34) (1995), appellant contends that the trial court improperly curtailed the jury's consideration of voluntary manslaughter.

In *Edge*, we adopted the "modified merger rule," which provides that a felony murder conviction is precluded only where it would prevent an otherwise warranted verdict of voluntary manslaughter. Id. at 867. We disapproved the giving of sequential charges which instruct the jury to consider voluntary manslaughter only if they have considered and found the defendant not guilty of malice murder and felony murder because such instructions eliminate the jury's full consideration of voluntary manslaughter and its concomitant evidence of passion or provocation. Id. See also *Miner v. State*, 268 Ga. 67 (4) (485 SE2d 456) (1997); *Lajara v. State*, 263 Ga. 438 (2) (435 SE2d 600) (1993).[3] However, where it is shown that the jury considered voluntary manslaughter despite having been given improper sequential charges, the direction of a sequential consideration is not reversible error. Id. at 439-440 (jury entered "not guilty" verdict on voluntary manslaughter charge and requested a recharge on voluntary manslaughter); *Stewart v. State*, 262 Ga. 894 (4) (426 SE2d 367) (1993) (jury requested additional instruction on the concepts of serious provocation, a reasonable interval for the return of reason, and menace). Likewise, giving sequential charges is not reversible error when the jury returns a guilty verdict on the malice murder charge because such a verdict requires the jury to have determined that the homicide was committed without provocation. *McGill v. State*, 263 Ga. 81 (3) (428 SE2d 341) (1993).

The *Russell* issue upon which appellant relies has its genesis in our *Edge* decision. There, we instructed trial courts to inform juries that they could not find a defendant guilty of felony murder if they found provocation and passion with respect to the act which caused the killing. 261 Ga. at 867, fn. 3. In *Russell v. State*, supra, 265 Ga. at 204-205, we found reversible error when the jury was not so informed, and "[t]he aggravated assault was perpetrated against the homicide victim, the assault was an integral part of the killing, and the evidence authorized a voluntary manslaughter charge." Compare *Murphy v. State*, 267 Ga. 100 (2) (475 SE2d 590) (1996).

---

[3] From our state-wide review of cases, we have seen trial courts avoid the danger of sequential charging by instructing the jury on the law of malice murder, including the law of voluntary manslaughter and passion and provocation, and then addressing the law of felony murder, reiterating the proscription against a felony murder conviction when there has been a finding of passion or provocation. See, e.g., *Murphy v. State*, 267 Ga. 100 (2) (475 SE2d 590) (1996); *Hawes v. State*, 266 Ga. 731 (4) (470 SE2d 664) (1996).

In the case at bar, the trial court recognized the pitfalls of giving a sequential charge with regard to malice murder, felony murder, and voluntary manslaughter, and informed the jury that they were to consider the two forms of murder and voluntary manslaughter equally. The trial court cautioned the jury that the order in which the court instructed the jury on the three crimes did not imply the order in which the jury was to consider them, and then instructed them on the law of malice murder, the law of felony murder, and the form of the verdict regarding those crimes. That was followed by a definition of voluntary manslaughter, and the form of the verdict with regard to that charge. The trial court then went over the verdict form, which listed malice murder, felony murder, and voluntary manslaughter. After reminding the jury that they were not to give priority to one crime over another in their consideration, the trial court instructed them that they need not complete the verdict form upon finding the defendant guilty of one of the charges. The jury was then told they could find the defendant guilty of malice murder and felony murder and, "if you find her guilty of either malice murder or felony murder, you would not then consider voluntary manslaughter because having found her guilty of murder you would then not need to return a verdict on the offense of voluntary manslaughter." The jury was not told that a finding of passion and provocation would preclude a guilty verdict on the felony murder charge. After some deliberations, the jury requested additional instruction on the law of felony murder and voluntary manslaughter, and the trial court honored their request by defining felony murder and voluntary manslaughter for them. Thereafter, the jury filled in the verdict form by placing "not guilty" in the space under the malice murder charge, and "guilty" in the felony murder space. The space by the voluntary manslaughter charge was left blank.

The trial court committed reversible error when it failed to instruct the jury that they could not find appellant guilty of felony murder if they found appellant's assault of the victim was the result of provocation and passion. *Russell v. State*, supra, 265 Ga. 203 (3). Furthermore, while the trial court made a valiant effort to avoid giving an improper sequential charge, the charge as a whole became confusing when the trial court told the jury that they did not have to consider voluntary manslaughter if they found appellant guilty of malice murder or felony murder. Although the trial court's statement is true insofar as malice murder is concerned (*McGill v. State*, supra, 263 Ga. 81), application of that instruction to felony murder results in the very evil *Edge* sought to cure: consideration of voluntary manslaughter and evidence of provocation and passion is precluded unless the jury has determined that the defendant did not commit

felony murder.[4]

3. Appellant maintains that the trial court erroneously required her to testify before it would admit evidence of the victim's acts of violence against others. A necessary prerequisite to the admission of evidence of a victim's violence is the defendant's establishment of a prima facie showing of justification. *Strong v. State*, 264 Ga. 837 (2) (452 SE2d 97) (1995). A prima facie case of justification requires a showing "that the victim was the aggressor, that the victim assaulted the defendant, and that the defendant was honestly trying to defend [her]self." *Chapman v. State*, 258 Ga. 214 (2) (367 SE2d 541) (1988). It is possible to establish a prima facie case through the testimony of witnesses other than the defendant. *Dubose v. State*, 187 Ga. App. 293 (2) (369 SE2d 924) (1988). However, if a trial court correctly determines that the testimony of witnesses other than the defendant does not establish a prima facie case of justification, the trial court's insistence that a defendant establish a prima facie case before presenting evidence of the victim's prior acts of violence is not the equivalent to a judicial mandate that the defendant must testify. See *Walden v. State*, 267 Ga. 162 (2) (b) (476 SE2d 259) (1996).

In the case at bar, in addition to the testimony of the eyewitness, there was testimony from appellant's cardiologist[5] that a "significant amount" of fluid was found around her heart two days after the victim was killed, that physical trauma could have caused the fluid build-up, and that appellant had reported to the physician that her boyfriend had struck her in the chest. While the evidence presented might establish that the victim struck appellant, a prima facie case was not made as there was no evidence that the victim was the aggressor or that appellant fired in self-defense. We conclude that the trial court did not err in refusing at this point of the trial to allow appellant to present evidence of the victim's prior acts of violence on others. Id.

4. Because we have already determined that appellant is entitled to a new trial, we need not consider her remaining enumerations of error, none of which involves prosecutorial misconduct or is likely to recur on retrial. Four enumerations concern the makeup of the jury which found appellant guilty of felony murder, one questions the

---

[4] The jury's request for further instruction on the law of felony murder and voluntary manslaughter does not establish that they considered voluntary manslaughter. Compare *Stewart v. State*, supra, 262 Ga. 894 (4), where the jury asked the court "what constitutes serious provocation; what is a reasonable interval for the voice of reason to return; and what constitutes menace." Compare also *Lajara v. State*, supra, 263 Ga 438 (2), where the jury returned a verdict form finding the defendant "not guilty" of voluntary manslaughter after having asked for and received a recharge *solely* on the issue of voluntary manslaughter.

[5] Prior to the victim's death, appellant had undergone two heart transplants, the more recent operation having taken place six months before the victim was killed.

effective assistance of trial counsel with regard to one instance at trial, and one takes issue with the trial court's use of an *Allen* charge after two hours, thirty-five minutes of jury deliberation.

5. Appellant's motion to amend her enumerations of error, filed 59 days after her appeal was docketed, is denied. Enumerations must be filed within 20 days of docketing (OCGA § 5-6-40, Rule 39, Rules of the Supreme Court of Georgia), and supplemental enumerations untimely filed are not considered. *Lewis v. State*, 262 Ga. 679 (3) (424 SE2d 626) (1993).

*Judgment reversed. All the Justices concur, except Hunstein, Carley and Thompson, JJ., who dissent.*

CARLEY, Justice, dissenting.

In my opinion, the charge, when construed as a whole, comports with *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992) and its progeny. Therefore, I submit that the majority incorrectly reverses Doretha Delores Harrison's conviction and sentence for felony murder.

The record shows that the trial court was well aware of *Edge* and the need to avoid giving a sequential charge. To that end, the trial court specifically prefaced its charge on malice murder, felony murder and voluntary manslaughter with the admonition that the jury was not necessarily to consider Ms. Harrison's guilt of those crimes in that order, but "should consider all of these three offenses . . . equally and consider them all in connection with the matter that you will deliberate concerning this case." After instructing on both forms of murder, the trial court again instructed the jury that it was to "consider equally . . . the offense of voluntary manslaughter." In connection with the charge on voluntary manslaughter, the trial court clearly instructed that that crime is committed by causing the death of another human being under circumstances which "would otherwise be murder," if the act results solely from a sudden, violent and irresistible passion arising from serious provocation. Finally, in connection with the three crimes listed separately on the verdict form, the trial court again instructed the jury that it should not give "priority" to any one of them. When, after a short period of deliberations, the jury requested recharge on the definitions of felony murder and voluntary manslaughter, the trial court's recharge again instructed the jury that voluntary manslaughter was a crime "which would otherwise be murder" but for serious provocation which caused the defendant to act in passion.

Ms. Harrison made no request for a charge on the principle addressed in fn. 3 of *Edge*, supra at 867 (2). In fact, she objected to the giving of any charges on voluntary manslaughter. Moreover, as previously noted, the trial court did instruct the jury in the original

charge and in the recharge that, if Ms. Harrison acted solely from passion arising from sufficient provocation, she would be guilty of voluntary manslaughter, rather than murder. In the absence of a more explicit request, this charge and recharge is sufficient to convey to the jury the principle discussed in fn. 3 of *Edge*, supra at 867 (2) and in *Russell v. State*, 265 Ga. 203, 204 (3) (455 SE2d 34) (1995).

The majority opinion incorrectly implies that the trial court instructed the jury that *its deliberations* would end once it found Ms. Harrison guilty of murder. Instead, the trial court merely instructed the jury that if, after its deliberations had ended, it found Ms. Harrison guilty of murder, there was no need to consider the remaining part of the *verdict form*, "because having found her guilty of murder you would then not need to return a verdict on the offense of voluntary manslaughter." Correctly instructing the jury on possible surplusage in the jury form is not the equivalent of giving the jury an erroneous sequential charge regarding its deliberations.

Because I believe that the charge, as a whole, is consistent with the requirements of *Edge*, supra, I respectfully dissent to the reversal of the conviction and sentence.

I am authorized to state that Justice Hunstein and Justice Thompson join in this dissent.

DECIDED NOVEMBER 3, 1997.

*Timothy P. Healy, Nina M. Svoren,* for appellant.
*Michael H. Crawford, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Deborah L. Gale, Assistant Attorney General,* for appellee.