S05A1308. HAYES v. THE STATE.
(619 SE2d 628)

SEARS, Chief Justice.

A Fulton County jury convicted Michael Hayes of felony murder, aggravated assault, and possession of a firearm in the commission of a felony in connection with the shooting death of Dejuan McCrary.[1]

---

[1] The crimes were committed on August 22, 2002. On June 27, 2003 Hayes was indicted by

On appeal, Hayes contends that the trial court failed to properly instruct the jury regarding the relationship between felony murder and voluntary manslaughter, in accordance with this Court's decision in *Edge v. State*.[2] Because the trial court's instructions to the jury were not improper, we affirm.

1. The evidence presented at trial showed that Hayes and Dejuan McCrary, the victim, had a history of violent altercations. Two months prior to the shooting, for example, McCrary allegedly beat Hayes with a pistol, requiring Hayes to obtain numerous stitches above his right eye. Witnesses testified that Hayes had vowed to get revenge against McCrary for the attack.

In the late night hours of August 22, 2002, Hayes saw McCrary on the street while Hayes was driving near the Grady Homes housing project. Hayes got out of the car, approached McCrary, and shot him. Witnesses testified that after Hayes returned to his car, he ran back toward the victim and shot him again. When Hayes got back to his car to flee the area, he told his companions that he "should have killed [McCrary]." McCrary died later in the hospital.

Hayes claimed at trial that on the night in question, McCrary had threatened him because Hayes was considering reporting McCrary to the police for a separate robbery. Although Hayes testified that McCrary was armed and fired his gun at Hayes, other witnesses testified that only Hayes was armed, and that only one gun was fired.

After reviewing the evidence in the light most favorable to the jury's verdict, we conclude that there was sufficient evidence for a rational trier of fact to find Hayes guilty beyond a reasonable doubt of the crimes for which he was convicted.[3]

2. Hayes claims that the trial court failed to properly instruct the jury that they could not convict him of felony murder if they found sufficient provocation or passion to justify a conviction for voluntary manslaughter. In *Edge*,[4] this Court recognized that a felony murder conviction would be improper where the jury found sufficient provocation or passion with respect to the act that caused the killing to

---

a Fulton County grand jury for malice murder, felony murder, aggravated assault, and possession of a firearm in the commission of a felony. On December 12, 2003, the jury convicted Hayes of felony murder, aggravated assault, and possession of a firearm in the commission of a felony, but acquitted him of malice murder. The aggravated assault conviction merged into felony murder, and Hayes received a life sentence for felony murder and a suspended five-year sentence for the possession offense. Hayes moved for a new trial on January 7, 2004, and amended that motion on August 13, 2004 and November 18, 2004. The trial court denied the motion on December 2, 2004, and Hayes filed a timely notice of appeal. The case was docketed in this Court on April 29, 2005, and orally argued on July 11, 2005.

[2] 261 Ga. 865 (414 SE2d 463) (1992).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] 261 Ga. 865.

support a conviction for voluntary manslaughter. Therefore, where there is evidence that would support a voluntary manslaughter conviction, the jury should be instructed to consider that evidence before it makes its decision regarding felony murder. It is inappropriate in such cases to give the jury "a sequential charge requiring [it] to consider voluntary manslaughter *only* if [it has] considered and found the defendant not guilty of malice murder and felony murder."[5] The intent of *Edge* was to prevent trial courts from authorizing juries to "find defendants guilty of felony murder without consideration of evidence of provocation or passion which might authorize a verdict of voluntary manslaughter."[6]

But the trial court in this case did not authorize the jury to convict Hayes of felony murder before considering voluntary manslaughter, as proscribed in *Edge*. Rather, the trial court did just the opposite, telling the jury that "before you would be authorized to return a verdict of guilty of malice or felony murder, you must first determine whether mitigating evidence, if any, would cause the offense to be reduced to voluntary manslaughter." In the next instruction, the court defined voluntary manslaughter for the jury and admonished it to consider evidence of passion and provocation.

Hayes argues that under this Court's decision in *Russell v. State*,[7] his conviction must be reversed because the trial court never directly stated that a finding of voluntary manslaughter precluded a conviction for felony murder. To the extent that *Russell* sets forth such a rule, however, it has been modified by more recent cases.[8] This Court does "not require the trial courts to follow an exact formula in instructing juries so long as the charge as a whole ensures that the jury will consider whether evidence of provocation and passion might authorize a verdict of voluntary manslaughter."[9] As a whole, the

---

[5] (Emphasis in original.) Id. at 867; see also *Harrison v. State*, 268 Ga. 574, 576 (492 SE2d 218) (1997) (trial court committed reversible error by informing "the jury that they did not have to consider voluntary manslaughter if they found appellant guilty of malice murder or felony murder").

[6] *Miner v. State*, 268 Ga. 67, 68 (485 SE2d 456) (1997).

[7] 265 Ga. 203, 205 (455 SE2d 34) (1995).

[8] See, e.g., *Suah v. State*, 271 Ga. 89, 90-91 (515 SE2d 614) (1999) (instruction not erroneous because "[t]aken as a whole, the charge adequately informed the jury that it could not find the defendant guilty of felony murder unless it first determined that neither passion nor provocation mitigated the homicide"); *Miner*, 268 Ga. at 68 (trial court properly instructed jury to first consider mitigating evidence of passion or provocation, if any, before considering felony murder); *Tessmer v. State*, 273 Ga. 220, 223 (539 SE2d 816) (2000) ("jury was instructed properly that it should first consider evidence of passion and provocation to determine whether [defendant] was guilty of voluntary manslaughter").

[9] *Suah*, 271 Ga. at 90.

instruction in this case did not prevent the jury "from fully considering voluntary manslaughter,"[10] and was adequate to inform the jury that before they could convict of malice or felony murder, they must first consider whether there was sufficient evidence of passion or provocation to support a conviction for voluntary manslaughter.

3. Hayes also contends that his trial attorney rendered ineffective assistance by failing to object during closing argument when the State put Hayes's character in issue and wrongfully accused him of an unrelated crime by stating that Hayes had defrauded the government by collecting supplemental security income assistance for a mental disability. In order to prevail on a claim of ineffective assistance of counsel, Hayes must show that the actions of his attorney were deficient and that there is a reasonable probability that but for the deficient performance, the outcome of the trial would have been different.[11] In this case, he must show that no reasonable attorney would have failed to object to the State's closing argument, and that had his attorney properly objected, Hayes would have been entitled to a mistrial or would not have been convicted.

Hayes raised these claims in his motion for a new trial, but did not subpoena his trial counsel to testify about the reasons, if any, for failing to object. The trial court denied the claim because Hayes failed to show that trial counsel's decision not to object was unreasonable or that it adversely affected the outcome of the trial. The trial court's findings regarding ineffective assistance of counsel will be upheld unless they are clearly erroneous.[12] We find that the trial court's conclusions are not clearly erroneous.

Hayes has failed to overcome the strong presumption that his counsel's conduct fell within the broad range of reasonable professional conduct.[13] He "made no affirmative showing that the purported . . . deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy."[14] Counsel may have strategically chosen not to object to avoid highlighting the comments made by the State.[15] Further, because the fact that Hayes collected disability had been introduced at trial, there is no reason to believe Hayes would have

---

[10] *Russell*, 265 Ga. at 205.

[11] *Strickland v. Washington*, 466 U. S. 668, 687-688 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985).

[12] *Johnson v. State*, 266 Ga. 380, 383 (467 SE2d 542) (1996).

[13] *Roberts v. State*, 263 Ga. 807, 808 (439 SE2d 911) (1994).

[14] (Citation and punctuation omitted.) *Morgan v. State*, 275 Ga. 222, 227 (564 SE2d 192) (2002).

[15] *Jackson v. State*, 243 Ga. App. 289, 292 (531 SE2d 747) (2000).

been deserving of a mistrial had his attorney objected after that evidence was mentioned again by the State during closing argument.

4. Finally, Hayes claims that the trial court committed reversible error by failing to charge the jury not to consider Hayes's general character or prior conduct when deliberating his guilt or innocence in this case. He argues that the State's comments regarding his receipt of governmental benefits were "so inflammatory as to guarantee his conviction." "In a criminal case, it is incumbent upon the trial judge, with or without request, to give the appropriate instructions as to the law on each substantive point or issue involved in the case, but the trial court is not required to charge without written request as to any collateral matter."[16] Because trial counsel did not request an instruction regarding Hayes's character or prior conduct, the trial court had no duty to give one.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 19, 2005.

*Eric J. Taylor, Kenneth D. Kondritzer, Stephen R. Scarborough,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anne E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General,* for appellee.

---

[16] *Burger v. State,* 245 Ga. 458, 459 (265 SE2d 796) (1980).