## S07A0880. WALKER v. WILLIAMS.
### (651 SE2d 59)

Thompson, Justice.

Following a jury trial, Dwayne Williams was found guilty of felony murder and possession of a firearm by a convicted felon. He appealed and this Court affirmed. *Williams v. State*, 265 Ga. 681 (461 SE2d 530) (1995). Thereafter, Williams petitioned for a writ of habeas corpus, asserting ineffective assistance of appellate counsel. The habeas court granted the writ, finding that appellate counsel rendered ineffective assistance because she failed to enumerate error upon the giving of a sequential charge in violation of *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992). The warden appeals and we affirm.

> The proper standard for evaluating the effectiveness of appellate counsel is set forth in *Shorter v. Waters*, 275 Ga. 581 (571 SE2d 373) (2002). See also *Battles v. Chapman*, 269 Ga. 702 (506 SE2d 838) (1998). Applying that standard, the ineffectiveness of trial counsel would be procedurally defaulted for purposes of habeas corpus relief unless [Williams] can meet his burden of showing that appellate counsel's decision to forego that issue was an unreasonable tactical move which no competent attorney in the same situation would have made. See *Shorter v. Waters*, [supra] at 585; *Battles v. Chapman*, supra at 705 (1) (a). "The reviewing court may not use hindsight to second-guess appellate counsel's strategy and tactical choices. [Cit.]" *Battles v. Chapman*, supra at 704 (1) (a). To overcome the presumption that his appellate counsel was effective, [Williams] must prove that the failure to raise the issue of his trial lawyer's effectiveness was a decision which "only an incompetent attorney would have adopted." *Shorter v. Waters*, 275 Ga. at 585. See also *Battles v. Chapman*, supra at 705 (1) (a).

*State v. Smith*, 276 Ga. 14, 16 (573 SE2d 64) (2002).

The habeas court found that Williams' appellate counsel was ineffective because (1) she ignored the sequential charge issue even though it was clearly stronger than the issues counsel presented on appeal; and (2) counsel's decision was an unreasonable one which only an incompetent attorney would have made. Based on these findings, the habeas court concluded that Williams' appellate counsel acted ineffectively and that counsel's ineffectiveness deprived Williams of his substantive or procedural rights.

The warden takes issue with the habeas court's findings, asserting appellate counsel was not ineffective because the trial court's charge did not prevent the jury from giving full consideration to voluntary manslaughter as a lesser included offense. Simply put, the warden posits that the trial court's charge did not violate *Edge*.

> In *Edge*, we adopted the "modified merger rule," which provides that a felony murder conviction is precluded only where it would prevent an otherwise warranted verdict of voluntary manslaughter. 261 Ga. at 867. We disapproved the giving of sequential charges which instruct the jury to consider voluntary manslaughter only if they have considered and found the defendant not guilty of malice murder and felony murder because such instructions eliminate the jury's full consideration of voluntary manslaughter and its concomitant evidence of passion or provocation. Id. See also *Miner v. State*, 268 Ga. 67 (4) (485 SE2d 456) (1997); *Lajara v. State*, 263 Ga. 438 (2) (435 SE2d 600) (1993). However, where it is shown that the jury considered voluntary manslaughter despite having been given improper sequential charges, the direction of a sequential consideration is not reversible error. Id. at 439-440 (jury entered "not guilty" verdict on voluntary manslaughter charge and requested a recharge on voluntary manslaughter); *Stewart v. State*, 262 Ga. 894 (4) (426 SE2d 367) (1993) (jury requested additional instruction on the concepts of serious provocation, a reasonable interval for the return of reason, and menace). Likewise, giving sequential charges is not reversible error when the jury returns a guilty verdict on the malice murder charge because such a verdict requires the jury to have determined that the homicide was committed without provocation. *McGill v. State*, 263 Ga. 81 (3) (428 SE2d 341) (1993).

*Harrison v. State*, 268 Ga. 574, 575 (2) (492 SE2d 218) (1997).

The trial court charged the jury on lesser included offenses. It went on to discuss the verdict form and told the jury it could find defendant guilty of malice murder, or the lesser included offenses of

voluntary or involuntary manslaughter. It also instructed the jury that if it did not find defendant guilty of malice murder or manslaughter, it could acquit, adding:

> You do not have to take up these crimes in any particular order. In other words you can consider these crimes, and you can make a decision on any of these. I would suggest to you that if you find the defendant not guilty as to [malice murder] you may wish to consider [felony murder]. But you can consider [felony murder] first. . . . If you find him guilty of any of these, then that ends your deliberations. If you find him not guilty of either [malice murder] and [felony murder], then you should consider the other count. . . . In other words, if you find him not guilty of the one or the two, then you have to consider the other one. . . . You can consider them in any order which I have — I mean, any order you wish. I discussed them with you in a particular order, but you do not have to consider them in that particular order, okay.

Thereafter, the jury asked for a recharge on malice murder, voluntary manslaughter and felony murder and the court reviewed its charge on those offenses, reminding the jury that involuntary manslaughter was also a lesser included offense of malice murder. In addition, the court asked the jury to recall its charge on justification in connection with all of the charges.

The trial court's charge violated *Edge*. At one point, the trial court suggested that if Williams was found not guilty of malice murder or felony murder, the jury "would have to consider the other one." The trial court added that if the jury found Williams guilty of malice murder or felony murder, its deliberations would be at an end. Thus, like the charges in *Battles v. Chapman*, supra, and *Harrison v. State*, supra, the trial court's charge did not *clearly* inform the jury that it did not have to consider the crimes in any particular order.[1]

The mere fact that the jury requested further instruction on the law of malice murder, voluntary manslaughter and felony murder does not demonstrate that it gave voluntary manslaughter its due. Compare *Stewart v. State*, supra, 262 Ga. 894, 896 (4), where the jury asked "what constitutes serious provocation . . . what is a reasonable interval for the voice of reason to return; and . . . what constitutes

---

[1] The trial court did instruct the jury that it could consider the charges in any order it wished. But, viewing the charge as a whole, that instruction was not sufficient to avoid the sequential charge violation. The trial court failed to plainly and clearly instruct the jury that it should consider the voluntary manslaughter charge before determining whether Williams committed felony murder. *Harrison v. State*, supra at 576.

menace." See also *Harrison v. State*, supra, where we found an *Edge* violation even though the jury requested a recharge on the law of felony murder and voluntary manslaughter.

The habeas court did not err in concluding that Williams' appellate counsel rendered ineffective assistance and in granting Williams' petition for a writ of habeas corpus.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 24, 2007.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellant.

*Lucy J. Bell*, for appellee.