S11A0918. ELVIE v. THE STATE.

(716 SE2d 170)

CARLEY, Presiding Justice.

Appellant Sanyo Jerome Elvie was charged with the malice and felony murder of Marlon Sanders and two counts of possession of a knife during the commission of a felony. After a jury trial, he was found guilty of felony murder during the commission of aggravated assault, as well as one of the weapons charges. The trial court entered judgments of conviction on those guilty verdicts and sentenced Appellant to life imprisonment for murder and to a consecutive five-year term for the weapons offense. A motion for new trial was denied, and he appeals.[*]

1. Construed most strongly in support of the verdicts, the evidence shows that Appellant slapped his wife Sheila McCray in their apartment and that she called the victim, who was her cousin, because she feared for her safety. When the victim arrived, Appellant retrieved two knives from the kitchen and put them into his pants pockets. Thinking that Appellant was going to hurt her, Ms. McCray went into the bedroom and locked the door. Appellant let the victim in and calmly exchanged greetings. The two conversed, there was a knock on the bedroom door, and, after further conversation, Ms. McCray heard the victim utter a single curse. Believing that Appel-

---

[*] The crimes occurred on June 14, 2004, and the grand jury returned an indictment on September 8, 2004. The jury found Appellant guilty on January 28, 2005, and, on that same day, the trial court entered the judgments of conviction and sentences. The motion for new trial was filed on February 3, 2005, amended on May 12, 2010, and denied on December 22, 2010. Appellant filed the notice of appeal on January 21, 2011. The case was docketed in this Court for the April 2011 term and submitted for decision on the briefs.

lant had stabbed the victim, Ms. McCray jumped out of the bedroom window and called 911. The police found the victim stabbed to death, and Appellant had fled. After police located and arrested Appellant, he stated that the victim bit him in the mouth and choked him, after which he grabbed a knife and stabbed the victim. However, Ms. McCray heard neither a struggle nor Appellant telling the victim to leave. The evidence was sufficient to authorize a rational trier of fact to find Appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Watson v. State*, 289 Ga. 39, 40 (1) (709 SE2d 2) (2011); *Robinson v. State*, 283 Ga. 229, 230 (1) (657 SE2d 822) (2008).

2. Appellant contends that the trial court violated *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992) by failing to make clear in its jury instructions that the jurors were to consider voluntary manslaughter before considering whether Appellant was guilty of felony murder. However, before giving a full instruction on voluntary manslaughter and the requisite elements of passion and provocation, the trial court charged the jury as follows:

> After considering all the evidence, before you would be authorized to return a verdict of guilty of malice murder or felony murder, you must first determine whether mitigating evidence, if any, would cause the offense to be reduced to voluntary manslaughter.

This instruction is nearly identical to the pattern charge and has frequently been relied upon in determining that the jury was not given improper sequential instructions in violation of *Edge. Hayes v. State*, 279 Ga. 642, 644 (2) (619 SE2d 628) (2005); *Murphy v. State*, 279 Ga. 410, 412 (5) (614 SE2d 53) (2005); *James v. State*, 270 Ga. 675, 679 (9) (513 SE2d 207) (1999); Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (4th ed.), § 2.10.40. See also *Turner v. State*, 283 Ga. 17, 19 (1) (655 SE2d 589) (2008); *Turner v. State*, 272 Ga. 441, 442 (2) (531 SE2d 354) (2000). Furthermore,

> ''[a]nalyzing the trial court's charge in this case as a whole, as we must, we find that the charge was not impermissibly sequential. The charge regarding voluntary manslaughter was complete, and makes no indication that it could be considered only after malice and felony murder had been eliminated as possible verdicts. Similarly, nothing about the portion of the charge regarding the verdict form . . . pre-cluded the jury's consideration of provocation or passion unless and until it found [Appellant] not guilty of felony and

malice murder." [Cit.] . . . The charge was not, therefore, subject to the criticism to which the charge in *Edge* was subject.

*James v. State*, supra. Compare *Walker v. Williams*, 282 Ga. 409, 411 (651 SE2d 59) (2007). "Having read the charge as a whole, we reject [A]ppellant's claim that it was misleading and/or confusing." *Murphy v. State*, supra.

Relying on *Russell v. State*, 265 Ga. 203, 205 (3) (455 SE2d 34) (1995), Appellant also contends that the trial court erred in failing to admonish the jurors that if they found that the killing occurred as a result of provocation and passion, then they could not find Appellant guilty of felony murder. However, *Russell* has been modified to the extent that it required the trial court to state directly that a finding of voluntary manslaughter precludes a conviction for felony murder. See *Hayes v. State*, supra.

> This Court does "not require the trial courts to follow an exact formula in instructing juries so long as the charge as a whole ensures that the jury will consider whether evidence of provocation and passion might authorize a verdict of voluntary manslaughter." [Cit.] As a whole, the instruction in this case did not prevent the jury "from fully considering voluntary manslaughter," [cit.] and was adequate to inform the jury that before they could convict of malice or felony murder, they must first consider whether there was sufficient evidence of passion or provocation to support a conviction for voluntary manslaughter.

*Hayes v. State*, supra at 644-645 (2).
*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 3, 2011.

*Jennifer M. Daniels*, for appellant.
*Daniel J. Porter, District Attorney, John A. Warr, Assistant District Attorney, Samuel S. Olens, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Amy H. Morelli, Assistant Attorney General*, for appellee.