S12A0440. WHITE v. THE STATE.
(727 SE2d 109)

BENHAM, Justice.

Appellant Darryl John White was convicted of the felony murder of Ronald Price with the underlying felony being aggravated assault, and possession of a knife during the commission of a felony. After reviewing appellant's enumerations of error, we affirm the judgment of conviction.[1]

An eyewitness identified appellant as the man he saw walk up to the victim and strike him in the chest, fold up a knife and put it in his pocket, and walk away. The victim was treated at a hospital for a stab wound to his chest and was transferred to a long-term medical-care facility. He died at that facility two months later as a result of a blood clot that had formed due to his immobilization and had broken off and lodged in his lungs. The eyewitness testified he had not seen or heard

---

[1] The victim was stabbed on March 10, 2007, and died as a result of complications from the wound two months later. In a true bill of indictment returned on September 21, 2007, a Fulton County grand jury charged appellant with malice murder, felony murder (aggravated assault), aggravated assault, and possession of a knife during the commission of a felony. Appellant's trial commenced on February 16, 2009, and concluded the next day with the jury's return of guilty verdicts on all charges except the malice murder charge. Appellant was sentenced on February 18 to life imprisonment on the felony murder conviction and a consecutive term of five years for possession of the knife. The aggravated assault conviction merged into the felony murder conviction as a matter of fact. Appellant's motion for new trial was filed on February 16, 2009, was amended on December 2, 2010, and was the subject of a hearing on December 21, 2010. The amended motion was denied on July 11, 2011, and a notice of appeal was timely filed on August 10, 2011. The appeal was docketed in this Court to the January 2012 term of court, and was submitted for decision on the briefs.

the victim do or say anything to provoke appellant's attack. Appellant testified and admitted stabbing the victim but maintained his action was justified because the victim was one of several smokers who on the day of the stabbing had surrounded appellant and "tortured" him by blowing cigarette smoke in his face and causing him to inhale the smoke, which resulted in appellant having difficulty breathing and becoming dizzy.

1. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of felony murder with the underlying felony being aggravated assault, and possession of a knife during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Green v. State*, 266 Ga. 758 (1), (2) (b) (470 SE2d 884) (1996).

2. Appellant complains the trial court erred when it declined to give his requested jury instruction on "no duty to retreat." Trial counsel submitted a written request to charge on the subject and objected at the charge conference when the trial court told counsel it would not give the charge; however, no objection was made after instructions were given to the jury following the closing arguments. Because an objection voiced at the charge conference does not preserve objections to the charge as subsequently given (*Carruth v. State*, 290 Ga. 342 (6) (721 SE2d 80) (2012)), the failure to object to the charge as given precludes appellate review "unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties." OCGA § 17-8-58 (b). An appellate court is required to review for plain error an alleged jury instruction error to which no objection was raised at trial, provided the enumeration of error is properly enumerated and argued on appeal. Id.; *State v. Kelly*, 290 Ga. 29 (1) (718 SE2d 232) (2011). Since new appellate counsel has properly asserted an error in the jury instructions on appeal, we review the omission of the charge on no duty to retreat to determine whether it constituted plain error, regardless of the lack of preservation below. Id. at 32; *Carruth v. State*, supra, 290 Ga. at 348. Reversal is authorized if all four prongs of the standard adopted in *Kelly* are met: the instruction was erroneous, the error was obvious, the instruction likely affected the outcome of the proceedings, and the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *State v. Kelly*, supra, 290 Ga. at 33.

Appellant presented a justification defense as his sole defense and the trial court instructed the jury on the law of justification and that an actual assault need not have been made upon a defendant in order to justify a homicide. "[W]here self-defense is the sole defense, and the issue of retreat is raised by the evidence or placed in issue, the defense is entitled to a charge on the principles of retreat. . . ."

*Johnson v. State*, 253 Ga. 37, 39 (315 SE2d 871) (1984). Where, as here, the defendant testified and was not questioned as to why he did not leave the scene, the issue of retreat was not raised by the evidence so as to support the giving of a charge on the subject. *Higginbotham v. State*, 287 Ga. 187 (4) (695 SE2d 210) (2010); *Ward v. State*, 254 Ga. 610 (2) (331 SE2d 521) (1985). Since it was not necessary in this case to instruct the jury on no duty to retreat in conjunction with appellant's sole defense of justification, the first prong of the *Kelly* "plain error" test is not met.

3. Appellant next contends the trial court erroneously accepted the jury's verdict finding appellant guilty of felony murder without requiring the jury to decide whether the killing was mitigated by the sudden passion resulting from serious provocation that could reduce the killing to voluntary manslaughter. Appellant sees error in the trial court's acceptance of the jury's verdict that found appellant guilty of felony murder without having entered a verdict with regard to voluntary manslaughter.[2] Appellant does not assert that the trial court gave an improper sequential charge (compare *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992)), and it is clear from the trial transcript that the trial court correctly charged the jury on the law of malice murder, felony murder, and voluntary manslaughter, and properly instructed the jury that it had to consider whether mitigating circumstances reduced the killing to voluntary manslaughter before it was authorized to return a guilty verdict on the malice murder or felony murder charge. See *Hayes v. State*, 279 Ga. 642 (2) (619 SE2d 628) (2005); *Edge v. State*, supra, 261 Ga. 865.

*Edge* does not require a jury *to make a finding* concerning the existence or non-existence of sudden and violent passion resulting from serious provocation before returning a guilty verdict on malice or felony murder; *Edge* requires only that a jury be instructed that it must *consider* whether there existed such passion and provocation prior to returning a guilty verdict on malice or felony murder. Where, as here, the jury was instructed properly, we presume, in the absence of clear evidence to the contrary, that qualified jurors followed the trial court's instructions to consider voluntary manslaughter before finding a defendant guilty of felony murder. *Herring v. State*, 277 Ga.

---

[2] The jury was given a verdict form that listed malice murder, felony murder, aggravated assault, voluntary manslaughter, and possession of a knife during the commission of a felony. Under each crime was the phrase "We find the Defendant _____." The jury filled out the form finding appellant not guilty of malice murder, guilty of felony murder, aggravated assault, and possession of a knife, and returning no verdict with regard to voluntary manslaughter.

317 (6) (c) (588 SE2d 711) (2003). There being no evidence to the contrary, we conclude that the trial court did not err by accepting the jury's verdict.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 24, 2012.

*Jennifer A. Trieshmann*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Paige Reese Whitaker, Marc A. Mallon, Arthur C. Walton*, Assistant District Attorneys, *Samuel S. Olens*, Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *Brittany N. Jones*, Assistant Attorney General, for appellee.