## S12A0788. TERRY v. THE STATE.
### (731 SE2d 669)

BENHAM, Justice.

Appellant Fredrick Terry was found guilty of and sentenced for the felony murder of James Hansell and for the possession of a firearm during the commission of a felony.[1] In his appeal from the judgment of conviction, appellant contends the trial court erred in its instructions to the jury.

The State presented evidence that James Hansell died on March 14, 2008, as a result of multiple gunshot wounds he had sustained to his head and torso five days earlier. The county's associate medical examiner testified that several of the shots entered the victim's back, and the shot that struck the victim's head was a "back-to-front" wound. The victim was shot in the early afternoon on March 9 on the grounds of the Fulton County apartment complex at which both he and appellant lived. Two other residents who knew both the victim and appellant identified appellant as the man they heard arguing with the victim outside appellant's apartment and as the man they saw enter appellant's apartment, emerge from the apartment carrying a gun, follow the victim who was walking away, and shoot the victim repeatedly. Both witnesses testified they did not see the victim with a weapon. A woman who lived in appellant's apartment testified

---

[1] The victim was shot on March 9, 2008, and died on March 14 as a result of his wounds. Appellant was arrested on March 19, and the Fulton County grand jury returned a true bill of indictment on June 17 charging appellant with malice and felony murder, aggravated assault and possession of a firearm during the commission of a felony. Appellant was tried before a jury from February 24 to March 1, 2009. The jury acquitted appellant of malice murder and found him guilty of the remaining charges. After merging the aggravated assault conviction into the felony murder conviction, the trial court sentenced appellant to life imprisonment for felony murder and imposed a suspended five-year sentence for the possession conviction. Appellant's motion for new trial was timely filed on March 27, 2009, was amended December 3, 2010, was the subject of a hearing held on December 21, and was denied by orders filed June 13, 2011, and July 11, 2011. Appellant's motion for out-of-time appeal, filed August 14, 2011, was granted October 7, and a timely notice of appeal was filed October 13, 2011. The appeal was docketed in this Court to the April 2012 term of court and was submitted for decision on the briefs.

that appellant retrieved a gun from the apartment just before the victim was shot. A firearms expert testified that bullets recovered from the victim's body and from the area where the victim fell after being shot were all fired from the same weapon and, based on gunshot residue on the victim's clothing, that the shots were fired when the gun was between 36 and 42 inches from the victim. Appellant testified that he had been angry with the victim two days before the shooting because the victim sold him a DVD player that did not work and angrily refused to refund the purchase price; that appellant told the victim immediately before the shooting that he need not return the money and wished blessings on the victim; that the victim threatened appellant, shoved him, and followed him into his apartment; that appellant retrieved his gun, pointed it at the victim, and that the gun started firing repeatedly as the two men "tussled."

1. The evidence summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of possession of a firearm during the commission of a crime and felony murder, with aggravated assault as the underlying felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant takes issue with the content of the jury instructions given by the trial court. Because trial counsel did not object to the jury instructions at trial, appellate review of the contentions is precluded unless the contested portion of the jury charge "constitutes plain error which affects substantial rights of the parties." OCGA § 17-8-58 (b). We review for plain error an alleged jury-instruction error if the error is properly enumerated and argued on appeal. *State v. Kelly*, 290 Ga. 29 (1) (718 SE2d 232) (2011). Reversal of a conviction is authorized if all four prongs of the standard adopted in *Kelly* are met: the instruction was erroneous, the error was obvious, the instruction likely affected the outcome of the proceedings, and the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *White v. State*, 291 Ga. 7 (2) (727 SE2d 109) (2012). On "plain error" review, the presence of actual legal error is not enough, as the jury instruction in question must have an obvious defect rather than a merely arguable defect. *Wilson v. State*, 291 Ga. 458 (729 SE2d 364) (2012).

(a) Appellant contends the trial court's presentation of the concepts of justification that serves as a defense to criminal charges and of passion resulting from provocation that could reduce murder to voluntary manslaughter, was done in such a manner that a reasonable juror would not understand the distinction between the two principles. The jury instructions given by the trial court were those found in the suggested pattern jury instructions published by the

Council of Superior Courts of Georgia. Appellant suggests that the instructions "blurred the line" between the two concepts and misled the jury in its evaluation of voluntary manslaughter. Appellant maintains the "overly casual" use of the terms "justify" and "justification" in the instructions could have caused the jury to have understood wrongly that limitations on and conditions precedent to the application of the law of justification were also applicable to voluntary manslaughter. In *DeLeon v. State*, 289 Ga. 782 (3) (716 SE2d 173) (2011), this Court reviewed the content of the jury charges of justification, provocation, and voluntary manslaughter in a case where all the concepts were supported by some evidence, and we concluded they were not confusing. "Given that our case law runs contrary to appellant's position, it cannot be seriously contended that the trial court committed 'clear or obvious' error" that is necessary for "plain error." *Kelly v. State*, supra, 290 Ga. 29 (2) (b).

(b) Citing *Russell v. State*, 265 Ga. 203 (3) (455 SE2d 34) (1995), appellant asserts plain error in the trial court's failure to advise the jury that it could not find appellant guilty of felony murder if it found provocation and passion with respect to the act which caused the killing. The instruction appellant asserts should have been given was suggested by this Court in *Edge v. State*, 261 Ga. 865, 867, n. 3 (414 SE2d 463) (1992), and its omission was found to be reversible error in *Russell*.

The intent of *Edge* is to prevent a trial court from authorizing a jury to find a defendant guilty of felony murder without considering evidence of provocation or passion which might authorize a verdict of voluntary manslaughter. *Miner v. State*, 268 Ga. 67, 68 (485 SE2d 456) (1997). In *Russell*, this Court found reversible error to exist because the jury was not informed that it could not find the defendant guilty of felony murder if it found that the aggravated assault of the victim that served as the underlying felony of the felony murder charge was the result of provocation or passion. Since the decision in *Russell*, we have determined that a trial court need not instruct the jury expressly that a finding of passion or provocation precludes a conviction for felony murder. *Elvie v. State*, 289 Ga. 779 (2) (716 SE2d 170) (2011), quoting *Hayes v. State*, 279 Ga. 642 (2) (619 SE2d 628) (2005). Instead of giving the jury an instruction on the legal effect a finding of mitigating passion or provocation has on a felony murder charge, the trial court is required only to instruct the jury that, before making a decision on a felony murder charge, it must consider whether passion or provocation mitigates the killing. Id. See also *White v. State*, supra, 291 Ga. 7 (3); *Suah v. State*, 271 Ga. 89 (2) (515 SE2d 614) (1999). To the extent *Russell* can be read as holding that a trial court must instruct a jury that it is precluded from finding a

defendant guilty of felony murder if it finds the defendant's act of killing the victim was the result of passion or provocation, it is overruled. Since the failure to give the charge was not error, we need not reach the third inquiry under *Kelly* — whether the outcome of the proceedings likely was affected. *Davis v. State*, 290 Ga. 757 (5) (a) (725 SE2d 280) (2012).

3. Lastly, appellant argues the trial court committed reversible error when it declined defense counsel's request to include a recharge on justification in response to the deliberating jury's request for instructions "in layman's terms" on the definitions of malice murder, felony murder, and voluntary manslaughter, as well as in response to a later request from the jury for the definition of aggravated assault with a deadly weapon. The trial court recharged the pattern jury instructions on the elements of each offense.

The trial court did not err when it refused appellant's request.

> When a jury requests additional instructions on a point of law, the trial court in its discretion can recharge in full or limit its recharge to the scope of the jury's request. [Cits.] It does not abuse its discretion by refusing to charge affirmative defenses when the jury seeks a recharge on the elements of an offense. [Cits.]

*Boynton v. State*, 277 Ga. 130 (2) (587 SE2d 3) (2003). See also *Hobson v. State*, 266 Ga. 638 (3) (469 SE2d 188) (1996) (the trial court does not abuse its discretion when, pursuant to the jury's request for a recharge on the definitions of the offenses to be considered by the jury, the trial court does not also recharge the jury on justification).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 10, 2012.

*James C. Bonner, Jr., Jimmonique R. S. Rodgers*, for appellant.
*Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Lenny I. Krick, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.