## S93A0623. McGILL v. THE STATE.
(428 SE2d 341)

CARLEY, Justice.

Appellant was indicted on alternative counts of malice murder and felony murder in the commission of an aggravated assault. He pled not guilty by reason of insanity and was brought to trial before a jury. Although the trial court charged, at appellant's request, on voluntary manslaughter, he was found guilty of both malice murder and felony murder. The trial court merged the two convictions and sentenced appellant to life. Appellant's motion for new trial was denied and he appeals.[1]

1. On appeal, appellant urges that a portion of closing argument by counsel for the State was violative of OCGA § 17-8-76. However, no objection was raised below. *"Upon objection to argument which contravenes [OCGA § 17-8-76], a mistrial is mandatory."* (Emphasis supplied.) *Gilreath v. State,* 247 Ga. 814, 835 (15) (279 SE2d 650) (1981).

Moreover, an objection predicated upon OCGA § 17-8-76 would have been meritless. The contested argument occurred in the context of an attack by counsel for the State upon the credibility of testimony that had been given by appellant's expert. OCGA § 17-8-76 (a) bars argument "that a defendant, if convicted, may not be required to suffer the full penalty imposed by the court or jury because pardon, parole, or clemency of any nature may be granted. . . ." Since counsel for

---

[1] The crime occurred on June 16, 1990. Appellant was indicted on November 1, 1990. The verdict was returned on February 4, 1992. Appellant's motion for new trial was filed on February 20, 1992, amended on May 27, 1992, and denied on October 19, 1992. Appellant's notice of appeal was filed on November 2, 1992. The instant appeal was docketed on January 15, 1993 and oral arguments were heard on March 9, 1993.

the State was merely attacking the credibility of testimony and she "did not specifically refer to pardon, parole, or other clemency, the statute was not contravened, and the trial court was not required to declare a mistrial. [Cits.]" *Romine v. State*, 256 Ga. 521, 533 (10) (350 SE2d 446) (1986).

2. In his motion for new trial, appellant raised the issue of the effectiveness of his trial counsel. The trial court found that appellant's trial counsel had not been ineffective. On appeal, appellant urges that the trial court erred in denying the motion for new trial on this ground.

The allegations of ineffectiveness relate to the manner in which appellant's trial counsel dealt with the expert who was proffered by the State. The record demonstrates, however, that the State's expert was subjected to a thorough and sifting cross-examination.

> While other counsel, had they represented appellant, may have exercised different judgment, the fact that the trial counsel chose to try the case in the manner in which it was tried and made certain difficult decisions regarding the defense tactics to be employed with which appellant and his present counsel now disagree, does not require a finding that the representation below was so inadequate as to amount to a denial of effective assistance of counsel. [Cit.]

*Solomon v. State*, 247 Ga. 27, 29 (1) (277 SE2d 1) (1981).

> [T]he constitutional right to assistance of counsel [means] "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." [Cit.]

*Hawes v. State*, 240 Ga. 327, 329 (1) (240 SE2d 833) (1977).

3. Appellant urges that his conviction must be reversed because the trial court gave a "sequential" charge contrary to the mandate of *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992).

The intent of *Edge*, supra at 867 (2), is to preclude "a *felony murder* conviction . . . where [such a conviction] would prevent an otherwise warranted verdict of *voluntary manslaughter*." (Emphasis supplied.) Thus, the giving of a "sequential" charge may be reversible error in a case wherein the jury must determine whether a homicide is felony murder or voluntary manslaughter.

> The "sequential" charge eliminates the jury's full consideration of *voluntary manslaughter* because, if it concludes a *felony murder* occurred, it would not then go on to consider evidence of provocation or passion which might authorize a

verdict for *voluntary manslaughter*. Instead, the trial court should instruct the jury so as to ensure adequate consideration of charges for both [felony murder and voluntary manslaughter].

(Emphasis supplied.) *Edge v. State*, supra at 867 (2).

In the instant case, appellant was found guilty of *malice* murder, as well as the alternative count of felony murder. Accordingly, any error in the giving of a "sequential" charge in connection with *felony murder* and *voluntary manslaughter* clearly would be harmless. Voluntary manslaughter could *not* have been eliminated from the jury's consideration by virtue of the "sequential" charge. Voluntary manslaughter was eliminated from the jury's consideration by its finding that appellant was guilty of *malice* murder. "Intent to kill is an essential element of both murder and voluntary manslaughter. [Cits.] Provocation, or the lack thereof, is what distinguishes the two offenses." *Parks v. State*, 254 Ga. 403, 414 (12) (330 SE2d 686) (1985). By finding that appellant had committed the homicide *with malice*, the jury necessarily found that appellant had committed the homicide without the provocation sufficient to authorize a verdict of guilty of voluntary manslaughter. " 'It is the absence of malice [and the presence of sufficient provocation] which differentiates manslaughter from murder.' " *Parker v. State*, 218 Ga. 654, 658 (5) (129 SE2d 850) (1963).

Moreover, *Edge*, supra at 867 (2), holds that a "sequential" charge "is not appropriate where there is evidence that would authorize a charge on voluntary manslaughter." "The evil which *Edge* seeks to cure is not present in the case before us." *Stewart v. State*, 262 Ga. 894 (426 SE2d 367) (1993). In the instant case, the trial court did charge on voluntary manslaughter, but a review of the transcript demonstrates that the evidence would not authorize that charge. Under the evidence, appellant was either guilty of murder or not guilty by reason of insanity. According to appellant's own testimony, "there was no exact reason" why he stabbed the victim, he "lost it," and "didn't purposefully do it." There being no evidence that appellant's act of stabbing the victim to death was his intentional response to sufficient provocation on her part, the jury would not have been authorized to find that the homicide was an act of voluntary manslaughter. Accordingly, the trial court's error was not in giving a "sequential" charge in connection with felony murder and voluntary manslaughter, but in giving any charge whatsoever on voluntary manslaughter as a possible offense for which appellant could be convicted.

4. Construed most favorably for the State, the evidence was sufficient to authorize a rational trier of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307

(99 SC 2781, 61 LE2d 560) (1979).
*Judgment affirmed. All the Justices concur.*

SEARS-COLLINS, Justice, concurring.
I concur in Div. 3 and in the judgment solely on the ground that a review of the record demonstrates that the evidence did not authorize a charge on voluntary manslaughter. I have grave doubts, however, whether the jury charge on malice murder, which the majority does not analyze, conveyed to the jury that it had to find an absence of provocation before it could find that McGill acted with malice. I therefore have concerns about the majority's conclusion that the jury's verdict of malice murder means the jury adequately considered the issue whether there was sufficient provocation to reduce the crime to voluntary manslaughter and thus negated any sequential charge problems.

DECIDED APRIL 19, 1993.

*Charles M. Taylor II*, for appellant.
*Thomas J. Charron*, District Attorney, *Debra H. Bernes, Nancy I. Jordan, D. Victor Reynolds*, Assistant District Attorneys, *Michael J. Bowers*, Attorney General, *Susan V. Boleyn*, Senior Assistant Attorney General, *C. A. Benjamin Woolf*, Assistant Attorney General, for appellee.