S93A0497. SHAW v. THE STATE.
(428 SE2d 566)

HUNSTEIN, Justice.

The appellant, James Raymond Shaw, was convicted of the malice murder of Lloyd Eugene McGlashen, possession of a firearm during the commission of a felony and the simple battery of Ed Tillery. He was sentenced to life imprisonment for the malice murder and consecutive five-year and twelve-month sentences on the other counts.[1]

The evidence adduced at trial showed that on the night of the shooting, Tillery, the appellant's father-in-law, went to McGlashen's trailer at the behest of his daughter to look for his young grandson. While Tillery and McGlashen were engaged in conversation outside the trailer, the appellant drove up and in an agitated state demanded to know what was going on. A fight ensued between the appellant and McGlashen and then between the appellant and Tillery. Tillery was able to pin the appellant to the ground for approximately ten minutes during which time, Tillery testified, he attempted to subdue the appellant. When released by Tillery, the appellant ran to his own trailer where he retrieved his rifle and ran, yelling and screaming, back to McGlashen's trailer. Tillery meanwhile went to a friend's home to call the police. When the appellant got within approximately 100 yards of McGlashen's trailer McGlashen came out, told the appellant to go home, and turned to re-enter his trailer. The appellant shot McGlashen in the back, killing him.

In charging the jury on the four counts, the trial judge first admonished the jury that it must make a separate finding as to the defendant's guilt or innocence with respect to each count. That instruction was reiterated at the close of all the jury instructions. The trial court then proceeded to instruct the jury that the defendant had been indicted on alternative counts of murder, to-wit, malice murder and felony murder, and that it could not find him guilty of both. Each of the crimes alleged in the several counts was thoroughly charged as

---

[1] The crime occurred on June 17, 1992. The appellant was indicted in the June 1992 term of Tift Superior Court. The verdict was returned on October 6, 1992 and the sentences filed on October 7, 1992. The appellant filed his notice of appeal on November 5, 1992. The record was docketed in this Court on January 19, 1993. The case was not argued.

was the crime of voluntary manslaughter as a lesser included offense, apparently at the request of the defendant. In that regard, the trial court instructed the jury that it might consider voluntary manslaughter if it did not believe that the defendant was guilty of malice murder and if it did not believe that he was guilty of felony murder.

On appeal, the appellant's sole contention is that the trial court's charge on voluntary manslaughter was erroneous because it was incorporated in a "sequential" charge disallowed by our holding in *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992). We disagree.

Our holding in *Edge*, supra, was intended to preclude juries from automatically finding defendants guilty of felony murder without any consideration of voluntary manslaughter.

*Edge*, supra, does not, however, control our holding in the instant case. The appellant before us was found guilty of *malice murder*, the consideration of which, pursuant to the trial court's charge, necessarily required that the element of provocation be considered and found not to exist or to be insufficient to overcome the jury's finding of malice, whether express or implied.

> By finding that appellant had committed the homicide *with malice*, the jury necessarily found that appellant had committed the homicide without provocation sufficient to authorize a verdict of guilty of voluntary manslaughter.

*McGill v. State*, 263 Ga. 81 (428 SE2d 341) (1993).

*Judgment affirmed. All the Justices concur, except Sears-Collins, J., who concurs in the judgment only.*

DECIDED APRIL 27, 1993.

*L. Clark Landrum*, for appellant.

*David E. Perry, District Attorney, Gary C. McCorvey, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Matthew P. Stone, Staff Attorney*, for appellee.