S93A0802. TERRY v. THE STATE.
(430 SE2d 731)

CLARKE, Chief Justice.

In December 1986, a Fulton County grand jury returned a six-count malice murder indictment against Michael Devern Terry, the defendant in this case. Terry's motion to sever the murder counts was granted, and the two counts of malice murder which form the basis of this appeal were tried in February 1987. The jury convicted Terry of both counts and the trial court sentenced Terry to life imprisonment. Terry did not appeal.

Terry was subsequently convicted of one other count of murder which this court affirmed in *Terry v. State,* 259 Ga. 165 (377 SE2d 837) (1989). He pled guilty to the remaining counts.

In July 1992, the trial court granted Terry's motion for appointment of counsel, and subsequently granted Terry's motion to pursue

an out-of-time appeal in the two-count murder case tried in 1987. In January 1993, the trial court denied Terry's motion for new trial, and this appeal followed.

Terry argues that he is entitled to a new trial because the trial court charged the jury that if they did not find him guilty of murder, they "would be authorized to consider whether or not the defendant committed a lesser included offense." Terry maintains that this instruction is a "sequential charge," and, therefore, reversible error under our holding in *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992). Terry maintains that because his trial took place in 1987 and no appeal was taken, his case was not final at the time *Edge* was decided, and he is entitled to receive the benefit of *Edge* under our holding in *Taylor v. State*, 262 Ga. 584 (422 SE2d 430) (1992).

Our holding in *Edge* disapproved use of the "sequential charge"[1] in those cases where the jury's task is to determine if the homicide is felony murder or voluntary manslaughter. In such a case the "sequential" charge prevents the jury from fully considering voluntary manslaughter, because if the jury determines that the defendant committed felony murder, "it would not then go on to consider evidence of provocation or passion which might authorize a verdict for voluntary manslaughter." Id. at 867.

However, where the jury returns a verdict of malice murder, it, of necessity, finds that the defendant committed "the homicide without the provocation sufficient to authorize a verdict of guilty of voluntary manslaughter." *McGill v. State*, 263 Ga. 81 (428 SE2d 341) (1993); *Shaw v. State*, 263 Ga. 88 (428 SE2d 566) (1993). Thus, where the defendant is convicted of malice murder, the problem which *Edge* seeks to address is not present.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. All the Justices concur. Sears-Collins, J., disqualified.*

DECIDED JUNE 21, 1993 —
RECONSIDERATION DENIED JULY 15, 1993.

*Hurl R. Taylor, Jr., for appellant.*

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Nancy A. Grace, John M. Turner, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Matthew P. Stone, Staff Attorney,* for ap-

---

[1] It is unnecessary to reach the question of whether the charge given constituted the sequential charge disapproved in *Edge*.