S96A0599. GREEN v. THE STATE.
(470 SE2d 884)

FLETCHER, Presiding Justice.

Bernard William Green was convicted of felony murder in the death of his wife Cynthia Grant, who died of a stress ulcer in the hospital a week after Green stabbed her. There was conflicting expert testimony at trial concerning whether the stab wound or the drug Toradol caused the stress ulcer. Green alleges that his trial counsel was ineffective in failing to request the proper charge on secondary causation of death and to object to improper charges. Since the jury charge as a whole was sufficient, we affirm.

Grant's three teenage children testified at trial that Green and their mother were fussing one Friday night when the oldest daughter hit the defendant on the head with a mop, Grant threw an empty barbecue bottle at him, and Green stabbed Grant in the back with a knife. While lying on a bed waiting for police, Grant told a neighbor, "Bernard hurt me bad. He stabbed me in front of my two babies." She died suddenly a week later after being approved for release from the hospital. The state's pathologist testified that there was a direct relationship between the stabbing and its treatment and Grant's death from the bleeding ulcer. He stated that the stab wound caused the stress and that Grant would not have been given the pain killer Toradol if she had not been stabbed. Green's defense was that he did not stab his wife and the stab wound did not cause her death. His

---

[8] *Gavin v. Vasquez,* 261 Ga. 568, 570 (407 SE2d 756) (1991).

expert testified that the victim died from an ulcer inspired by Toradol.

1. In considering whether there was sufficient evidence to convict, we review the evidence in the light most favorable to the jury's determination of guilt.[1] Applying this standard, we conclude that a rational trier of fact could have found Green guilty of felony murder.

2. Because Green's attorney did not object to the jury charge at trial or reserve the right to object, Green now asserts that he was denied effective assistance of counsel. Specifically, he alleges that his trial counsel was ineffective in failing to object to a sequential charge that violated *Edge v. State*[2] or request a specific charge on secondary causation. To establish that claim, Green must show that his trial counsel performed deficiently and the attorney's performance prejudiced the defense.[3]

(a) In *Edge*, we disapproved of a sequential charge that required the jury to consider voluntary manslaughter only if it found the defendant not guilty of felony murder. Our concern was to ensure that persons are not convicted of felony murder in cases where the facts warrant voluntary manslaughter.[4] Subsequently, we held that this purpose is met when the jury considers voluntary manslaughter, even though a sequential charge is given.[5]

In this case, the trial court instructed the jury that it should consider whether the state proved all of the elements of both felony murder and voluntary manslaughter and that it could not find Green guilty of felony murder if it found him guilty of voluntary manslaughter. The trial court made clear that a person commits voluntary manslaughter when the killing results from passion and provocation. Moreover, the jury verdict form indicates that the jury specifically considered voluntary manslaughter since it found the defendant "not guilty" of that crime. We conclude that the jury charge satisfies the intention of *Edge* and the jury adequately considered the voluntary manslaughter charge.

(b) The trial court gave the pattern charge on causation, instructing the jury that an unlawful injury may be the cause of death if "the injury directly and materially contributed to the happening of a secondary or consequential cause of death."[6] After the jury asked a question about drugs as a secondary factor in the victim's death, the trial court repeated the pattern charge. It later responded further by

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] 261 Ga. 865 (414 SE2d 463) (1992).

[3] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[4] *Shaw v. State*, 263 Ga. 88 (428 SE2d 566) (1993).

[5] *Lajara v. State*, 263 Ga. 438, 439-440 (435 SE2d 600) (1993).

[6] See II Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions: Criminal Cases 80 (2d ed. 1991).

instructing the jury: "if some intervening cause not set in motion by said wound caused the death of the deceased, then the defendant would not be criminally [liable] for the death."

These charges were a correct statement of the law, consistent with each other, and sufficient without any additional charge on causation. Although the experts at trial disputed the primary cause of death, they agreed that stress caused the ulcer. The evidence at trial was sufficient for the jury to find that Green stabbed his wife, thus setting in motion a series of events that resulted in her death, and that the hospital's treatment of her wound was a secondary, rather than intervening, cause of death.

Therefore, we conclude that the trial court did not err in its charges on felony murder, voluntary manslaughter, and causation. Since the jury charge taken as a whole was sufficient, we hold that Green has failed to show that his trial counsel's failure to object or request certain charges fell outside the range of reasonable professional conduct.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 3, 1996.

*Mark J. Nathan,* for appellant.
*Spencer Lawton, Jr., District Attorney, David E. Langford, Assistant District Attorney, Michael J. Bowers, Attorney General, Beth P. Attaway, Assistant Attorney General,* for appellee.