## S13A0446. DODSON v. THE STATE.
(741 SE2d 639)

BLACKWELL, Justice.

John Dodson, Jr., was tried by a Dougherty County jury and convicted of the murder of his 82-year-old neighbor, Willie Wright, Sr. Dodson appeals, contending that the State failed to show at trial that Wright died as a result of Dodson assaulting him. Upon our review of the record and briefs, we affirm the judgment below.[1]

Viewed in the light most favorable to the verdict, the evidence shows that on August 31, 2007, Dodson was seen beating Wright in the head, face, and chest with a stick, which was, an eyewitness thought, the handle of a hoe. That witness called out to her sister, saying that Dodson was killing Wright, and the sister called 911. The witness then saw Dodson going through Wright's pockets as Wright

---

[1] The events that form the basis for the conviction occurred on August 31, 2007. Dodson was indicted on December 12, 2007 and charged with felony murder predicated on aggravated assault, armed robbery, aggravated assault, and aggravated battery. His trial commenced on October 8, 2008, and the jury returned its verdict on October 10, 2008, finding Dodson guilty of felony murder, aggravated assault, and aggravated battery, and not guilty of armed robbery. The trial court merged the aggravated assault and aggravated battery into the felony murder, see *Dennis v. State*, 292 Ga. 303 (736 SE2d 428) (2013); *Ledford v. State*, 289 Ga. 70, 74 (1) (709 SE2d 239) (2011), and on October 13, 2008, the trial court sentenced Dodson to imprisonment for life. Dodson filed an untimely motion for new trial on December 1, 2008, and he amended that motion on April 10, 2012. See OCGA § 5-5-40 (a) ("[a]ll motions for new trial, except in extraordinary cases, shall be made within 30 days of the entry of the judgment on the verdict or entry of the judgment where the case was tried without a jury."). The trial court denied Dodson's motion for new trial on April 20, 2012, and Dodson filed a notice of appeal on May 17, 2012. On September 10, 2012, this Court dismissed Dodson's appeal, see Case No. S12A1928, because the time period for filing a notice of appeal is not tolled by an untimely motion for new trial. See *Fulton v. State*, 277 Ga. 126 (587 SE2d 20) (2003). On September 12, 2012, the trial court entered an order allowing Dodson to file a motion for new trial within 30 days, and Dodson filed such a motion on October 10, 2012. The trial court denied the motion for new trial on October 11, 2012. Dodson timely filed his notice of appeal on October 23, 2012, and the case was docketed in this Court for the January 2013 term and submitted for decision on the briefs.

lay bloodied on the ground. When police officers arrived, Dodson was still at the scene, and Wright, who was unable to speak, was taken to the hospital.

A neurosurgeon who treated Wright testified that, as a result of the assault, Wright suffered severe head injuries and that his skull was broken "from one ear to the other." Because Wright was generally unresponsive — other than occasional moaning or flailing — his condition required the insertion of a feeding tube. By September 20, Wright still was generally unresponsive, but his vital signs had improved enough that he was discharged to a nursing home. He subsequently developed pneumonia, however, and was readmitted to the hospital on September 29. After the pneumonia was successfully treated with antibiotics — which were administered through the feeding tube — Wright was sent back to the nursing home. Around October 16, the feeding tube was dislodged, but because Wright was unable to communicate about any problem with the feeding tube, it remained dislodged for as many as several days before the problem was discovered. Wright developed sepsis and died from the infection on October 17, 2007, which was 47 days after he was attacked.

Dodson claims that the State failed to prove beyond a reasonable doubt that Wright died as a result of the assault and not from intervening circumstances that arose during the course of his treatment. But it was for the jury to determine the cause of Wright's death, and the jury understandably resolved the issue of causation adversely to Dodson. See *Shields v. State*, 285 Ga. 372, 374 (1) (677 SE2d 100) (2009). See also *Green v. State*, 266 Ga. 758, 759 (2) (b) (470 SE2d 884) (1996) (an "unlawful injury may be the cause of death if the injury directly and materially contributed to the happening of a secondary or consequential cause of death") (punctuation and footnote omitted). Evidence was presented to the jury that elderly and bedridden patients such as Wright often die as a result of pneumonia or infections that they develop during their treatment, such as infections from a dislodged feeding tube. And while Dodson blames Wright's caregivers for failing to notice in a timely manner that Wright's feeding tube had become dislodged, the evidence shows that it was because of the brain injuries inflicted upon Wright by Dodson that a feeding tube was required and that Wright was unable to inform anyone when the tube became dislodged. As a result, we find that the evidence is sufficient to enable a rational trier of fact to find Dodson guilty beyond a reasonable doubt of felony murder. See

*Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); *Shields*, 285 Ga. at 375 (1); *Lynch v. State*, 268 Ga. 899 (494 SE2d 667) (1998).[2]

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 15, 2013.

*Brimberry, Kaplan & Brimberry, Jerry W. Brimberry*, for appellant.

*Gregory W. Edwards, District Attorney, Matthew Breedon, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.

---

[2] Dodson enumerates as a separate error that the verdict was contrary to the evidence and strongly against the weight of the evidence because, Dodson claims, Wright died of sepsis and not as a result of the assault. But Dodson has not supported this enumeration of error with any argument or citation of authority, and it must be deemed abandoned under Supreme Court Rule 22. See *Green v. State*, 291 Ga. 287, 292 (5) (728 SE2d 668) (2012). Even if it were otherwise, and even if we agreed with Dodson — which we do not — that the weight of the evidence showed that Wright did not die as a result of being assaulted, this enumeration of error still would be without merit. See *Smith v. State*, 292 Ga. 316, 317 (1) (b) (737 SE2d 677) (2013).