In the Supreme Court of Georgia

Decided: September 12, 2016

S16A1188. HARRIS v. THE STATE.

BLACKWELL, Justice.

Stanley Harris was tried by a DeKalb County jury and convicted of malice

murder, the unlawful possession of a firearm during the commission of a felony,

and tampering with evidence, all in connection with the fatal shooting of his

wife, Haneefah Harris. The appellant contends that the trial court erred when it

refused to charge the jury on voluntary manslaughter.[1] But we find no error and

affirm.[2]

[1] The appellant also sought to have this case remanded to the trial court for a hearing to consider additional claims of ineffective assistance of counsel that his original appellate lawyer failed to raise in his motion for new trial. We denied the motion to remand. See Wilson v. State, 286 Ga. 141, 144 (4) (686 SE2d 104) (2009) ("[w]here the issue of trial counsel's effectiveness has been raised on motion for new trial, any claims of ineffective assistance by trial counsel not raised at that time are waived," and the appellant may pursue those additional claims only in habeas).

[2] The appellant killed his wife on February 16, 2014. A DeKalb County grand jury indicted the appellant on May 1, 2014 and charged him with malice murder, felony murder, aggravated assault, the unlawful possession of a firearm during the commission of a felony, and tampering with evidence. The appellant's trial began on January 26, 2015, and the jury returned its verdict three days later, finding the appellant guilty of all charges. The appellant was sentenced to imprisonment for life for malice murder, a consecutive term of

1. Viewed in the light most favorable to the verdict, the evidence shows that the appellant and Haneefah were married but had separated at some point in 2013. The couple had three children, and they also were raising Haneefah's nephew as their own. On the evening of February 16, 2014, the younger children were spending the night with the appellant in his DeKalb County home. Around 8:00 p.m., Haneefah and their 17-year-old daughter came to the appellant's house to drop off medicine for one of the younger children.

After Haneefah gave the medicine to the appellant and returned to her car, the appellant approached and asked to speak to her. Haneefah exited the car and spoke with the appellant, just a few feet from their 17-year-old daughter, who remained seated in the car. The daughter heard the appellant tell her mother that he did not want a divorce, and she then heard the sound of a gunshot. When she looked up, she saw her mother lying on the ground and the appellant standing

imprisonment for five years for the unlawful possession of a firearm during the commission of a felony, and a consecutive term of imprisonment for one year for tampering with evidence. The verdict as to felony murder was vacated by operation of law, see Malcolm v. State, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993), and the aggravated assault merged into the malice murder, see Dyal v. State, 297 Ga. 184, 185 (1) (773 SE2d 249) (2015). The appellant timely filed a motion for new trial on February 10, 2015, and he amended it on November 3, 2015. The trial court denied his motion on November 17, 2015, and the appellant timely filed a notice of appeal on November 24, 2015. The case was docketed in this Court for the April 2016 term and orally argued on July 12, 2016.

over her and shooting her a second time. The daughter ran from the car, called 911, and observed the appellant pull a different gun from the back of his pants and place it in her mother's hand. She then saw the appellant walk back toward his house, make a call on his cell phone, and then return to her mother's body and shoot her in the head.[3]

When law enforcement arrived, they found Haneefah's body with a .45 caliber semi-automatic pistol in her hand. No .45 caliber shell casings were found at the scene, nor was there any evidence that the gun had been fired recently, nor were any fingerprints found on the gun. However, police officers found a box of .45 caliber live rounds in the bottom drawer of the appellant's night stand.

The appellant testified at trial, and he claimed both justification and accident. According to the appellant, after he approached Haneefah and asked to speak with her, she got out of her car and pointed a gun at him. The appellant said that he was able to calm Haneefah and that she allowed him to go into his

---

[3] The daughter testified to these facts at trial, and her testimony was corroborated by a recording of her 911 call, in which she reported that the appellant had just shot her mother after asking to speak to her, and in which the daughter described the appellant putting a gun in her mother's hand, talking on his cell phone, and returning to her mother's body and shooting her again while the daughter was speaking to the 911 dispatcher.

house to tuck the younger children into bed. While he was inside his house, the appellant retrieved his .380 caliber handgun from his bedroom closet, sent the children to bed, and went back outside with the gun in his pocket. When he approached Haneefah, she was still pointing her gun at him and told him "I should have killed you a long time ago," so he shot her in the chest in order to protect himself. He shot her a second time because he thought she was getting up to shoot him. And according to the appellant, as he tried to disarm her while she lay on the ground, his gun accidentally discharged, resulting in her being shot a third time.

The jury rejected the appellant's explanation for the killing, and the appellant does not claim on appeal that the evidence is insufficient to sustain his convictions. We nevertheless have considered the sufficiency of the evidence, and we conclude that it was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that the appellant was guilty of the crimes of which he was convicted. See Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). See also Anthony v. State, 298 Ga. 827, 829 (1) (785 SE2d 277) (2016) ("[t]he jury is free to reject any evidence in

support of a justification defense and to accept the evidence that the shooting was not done in self-defense").

2. The appellant now claims that he killed Haneefah "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person," see OCGA § 16-5-2 (a), and that the trial court, therefore, erred when it refused to charge the jury on voluntary manslaughter. But although "jury charges on self-defense and voluntary manslaughter are not mutually exclusive, the provocation necessary to support a charge of voluntary manslaughter is different from that which will support a claim of self-defense." Dugger v. State, 297 Ga. 120, 124 (7) (772 SE2d 695) (2015) (citation and punctuation omitted). "The distinguishing characteristic between the two claims is whether the accused was so influenced and excited that he reacted passionately rather than simply in an attempt to defend himself. Only where this is shown will a charge on voluntary manslaughter be warranted." Id. (citation and punctuation omitted).

Here, the appellant points to some proof of potential provocation, but this case presents not even a pretense of passion, much less that the appellant acted solely as the result of a passion that was "sudden" and "irresistible." The

5

appellant's testimony was that — after he calmed Haneefah — he went into his house, retrieved a gun, sent the children to bed, and returned outside. There, he said, he saw that she was "still pointing the pistol at [him], said [to himself] at that point, 'it was either her or me,' and so [he] shot her." This Court previously has held "that neither fear that someone is going to pull a gun nor fighting" is sufficient alone to require a charge on voluntary manslaughter. Smith v. State, 296 Ga. 731, 737 (3) (770 SE2d 610) (2015). See also Tarpley v. State, 298 Ga. 442, 445 (3) (a) (782 SE2d 642) (2016) ("no voluntary manslaughter charge was warranted where at best, the evidence shows that the appellant was attempting to repel an attack, not that he was so angered that he reacted passionately") (citation and punctuation omitted). The failure to charge on voluntary manslaughter in this case was no error.

Judgment affirmed. All the Justices concur.