300 Ga. 587
FINAL COPY

S16A1636.  STANLEY v. THE STATE.

BENHAM, Justice.

Appellant Derrick Stanley appeals his convictions for malice murder and other crimes related to the stabbing death of Doris Murray.[1]  Appellant and Murray were formerly in a romantic relationship.  At the time of Murray's death, she and appellant were still active in each other's lives.  On May 5, 2008, appellant was helping Murray remove items from her home which had recently sustained damage from a fire.  That morning, Murray's children and other acquaintances were also scheduled to come to the house to provide assistance.  Christopher Williams, who lived next door, heard appellant and Murray "fussing" and saw appellant and Murray go into the house.  That was the last time anyone saw Murray alive.  When Murray's

---

[1] On July 14, 2008, a Laurens County grand jury indicted appellant on charges of malice murder, felony murder, aggravated assault, fleeing or attempting to elude a police officer, and reckless driving.  A jury returned verdicts of guilt on all counts after a trial was conducted from March 15-17, 2010.  The trial court sentenced appellant to life in prison for malice murder, twelve months for fleeing to be served concurrently as to the life sentence for malice murder, and twelve months for reckless driving to be served consecutively as to the sentence for fleeing.  The charge of felony murder was vacated as a matter of law and, for sentencing purposes, the charge of aggravated assault merged into the malice murder conviction.  On April 6, 2010, appellant filed a motion for new trial and amended it on November 20, 2015.  Upon holding a hearing on November 20, 2015, the trial court denied the motion as amended on December 22, 2015.  Appellant filed a notice of appeal on January 13, 2016 and, upon receipt of the record, the appeal was docketed to the September 2016 term of this Court and submitted for a decision to be made on the briefs.

children and friends arrived at the house, her children tried to enter the house, but appellant would not let them in. Appellant said Murray had gone to visit a friend in the neighborhood and that he would let them in when he had finished doing some work in the house. Witnesses testified appellant emerged at some point to smoke a cigarette, but still would not let anyone inside the house. Murray's daughter forced her way into the front of the house and, from the kitchen, tried to get into a room that had been converted from a carport, but that door was barricaded. Sometime later, appellant came out of the exterior side door that led to the carport room. He was bleeding and bloated in the face. He ran to his vehicle and started to drive away. When Murray's son and a friend managed to get into the carport room, they found Murray on the ground, covered with some sort of fabric and without a pulse. Murray's daughter called police.

The police caught up with appellant in his vehicle but he fled, leading authorities on a high-speed chase.[2] When appellant was finally caught and arrested, police found a knife in his vehicle. Appellant made a statement to police alleging he and Murray had engaged in a struggle over a knife and that she stabbed him. The lead investigator testified that the blood spatter in the

---

[2] The chase involved approximately 20 police cars from four different law enforcement agencies.

carport room confirmed there was some sort of a "mobile struggle" between appellant and the victim, meaning appellant and the victim moved about the room during the incident. Appellant eventually admitted he injured himself with the knife and confirmed he stabbed Murray. Murray had defensive wounds to her body, including a partially-severed thumb. Murray's adult daughter testified that, days before the incident, appellant told her he believed Murray was dating someone and that he would kill Murray and the other man.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. In Edge v. State, [3] this Court held "[a] sequential charge requiring the jury to consider voluntary manslaughter *only* if it has considered and found the defendant not guilty of malice murder and felony murder is not appropriate where there is evidence that would authorize a charge on voluntary manslaughter." (Emphasis in original.) Id. Here, appellant alleges the trial court erred by giving sequential jury instructions when it was

---

[3] 261 Ga. 865, 867 (414 SE2d 463) (1991).

3

explaining the verdict form to the jury. Specifically, appellant alleges the following instructions violated Edge v. State:

> Next I will give you instructions concerning the verdict. Now you will have out with you a verdict form and the verdict form is divided according to the counts: count 1, count 2, count 3, count 4, and count 5. In regard to each count under the counts enumerated you have the options that you have to return a verdict on and we will talk about those at this time. Whatever your choice is under each count, you will need to put a check mark in front of the statement that you find to be true by unanimous verdict on each count and that will be the way you complete your verdict form.
>
> As to count 1, again count 1 is the charge of felony murder, if after considering the testimony and evidence presented to you, together with the charge of the court, you should find and believe beyond a reasonable doubt that the defendant did in Laurens County, Georgia, on or about May 5, 2008, commit the offense of felony murder as alleged in the indictment, you would be authorized to find the defendant guilty. In that event the form of your verdict would be: we the jury find the defendant guilty of felony murder. If you do not believe beyond a reasonable doubt that the defendant is guilty of felony murder but do believe beyond a reasonable doubt that the defendant is guilty of voluntary manslaughter, then you would be authorized to find the defendant guilty of voluntary manslaughter and the form of your verdict would be: we the jury find the defendant guilty of voluntary manslaughter.
>
> If you do not believe the defendant is guilty of either of these offenses or if you have any reasonable doubt as to the defendant's guilt, then it would be your duty to acquit the defendant in which event the form of your verdict would be: we the jury find the defendant not guilty as to count 1.
>
> In regard to count 2, and again count 2 is the charge of malice murder. If after considering the testimony and evidence presented to you, together with the charge of the court, you

4

should find and believe beyond a reasonable doubt that the defendant did in Laurens County, Georgia, on or about May 5, 2008, commit the offense of malice murder as alleged in the indictment, you would be authorized to find the defendant guilty. In that event the form of your verdict would be: we, the jury, find the defendant guilty of malice murder. If you do not believe beyond a reasonable doubt that the defendant is guilty of malice murder but do believe beyond a reasonable doubt that the defendant is guilty of voluntary manslaughter, then you would be authorized to find the defendant guilty of voluntary manslaughter and the form of your verdict would be: we, the jury, find the defendant guilty of voluntary manslaughter. If you do not believe that the defendant is guilty of either of these offenses or if you have any reasonable doubt as to the defendant's guilt, then you would be authorized to acquit the defendant in which event the form of your verdict would be: we, the jury, find the defendant not guilty as to count 2.

The record shows that trial counsel did not object to these instructions on the grounds they were sequential. Because no simultaneous objection on these grounds was made at trial, this purported error can only be reviewed for plain error. See State v. Alvarez, 299 Ga. 213 (1) (790 SE2d 66) (2016). In considering whether plain error is shown, this Court has stated:

> Reversal is authorized if all four prongs of the standard adopted in [State v. Kelly, 290 Ga. 29 (718 SE2d 232) (2011)] are met: the instruction was erroneous, the error was obvious, the instruction likely affected the outcome of the proceedings, and the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

White v. State, 291 Ga. 7, 8 (2) (727 SE2d 109) (2012).

5

The standards establishing plain error have not been met in this case. The instructions given are not sequential because they do not, in so many words, instruct the jury to consider "'voluntary manslaughter *only* if it has considered and found the defendant not guilty of malice murder and felony murder.'" (Citation omitted; emphasis in original.) Hill v. State, 269 Ga. 23, 25 (3) (494 SE2d 661) (1998).[4] See also James v. State, 270 Ga. 675 (9) (513 SE2d 207) (1999). That is, nothing in the trial court's instructions prohibited the jury from considering whether there was evidence of provocation or passion to support returning a verdict of guilty on a charge of voluntary manslaughter. In fact, immediately prior to giving the above-referenced instructions regarding the verdict form, the trial court had admonished the jury as follows in reference to voluntary manslaughter:

> [B]efore you would be authorized to return a verdict of guilty of malice murder as alleged in count 2 or felony murder as alleged in count 1, you must first determine whether mitigating circumstances, if any, would cause the offense to be reduced to voluntary manslaughter.

---

[4] The instruction at issue in Hill v. State, supra, was very similar to the instructions at issue in this case, and this Court found the instruction was not sequential. Id.

Thus, when viewed as whole,[5] the instructions were not sequential. See Hayes v. State, 279 Ga. 642 (2) (619 SE2d 628) (2005). Moreover, since the jury convicted appellant of malice murder, it necessarily found appellant committed the act in question without the provocation or passion warranting a verdict of guilty on voluntary manslaughter. See Terry v. State, 263 Ga. 294, 295 (430 SE2d 731) (1993) ("where the defendant is convicted of malice murder, the problem which Edge seeks to address is not present"); McGill v. State, 263 Ga. 81 (3) (428 SE2d 341) (1993).[6] See also Dyal v. State, 297 Ga. 184 (4) (773 SE2d 249) (2015). Accordingly, this enumeration of error cannot be sustained.

Appellant also contends that counsel rendered constitutionally ineffective assistance by failing to object to the above instructions. Since we have found that the instructions were not improperly sequential, counsel was not deficient or ineffective for failing to make a meritless objection. See Dyal, 297 Ga. at 188, n. 8; Duvall v. State, 290 Ga. 475 (2) (b) (722 SE2d 62) (2012).

---

[5] This Court reviews jury charges as a whole when determining whether there is error. See Currier v. State, 294 Ga. 392 (2) (754 SE2d 17) (2014).

[6] We are unpersuaded by appellant's arguments that Terry v. State and McGill v. State are inapplicable or irrelevant to the case at bar.

3.  Appellant alleges the trial court erred when it denied his motion for a mistrial regarding the prosecution's use of the word "murder" when questioning witnesses during the trial.  Whether to grant a mistrial is a matter of the trial court's discretion. Jackson v. State, 292 Ga. 685 (740 SE2d 609) (2013).  The trial court's ruling on a motion for mistrial will not be disturbed unless there is a showing that a mistrial is essential to the preservation of the right to a fair trial.  Id. at 689 (4).

Before opening statements, appellant moved in limine to bar the prosecution from using the term "murder."  The trial court denied the motion in limine, but admonished the State not to elicit testimony calling for witnesses to make statements about ultimate issues in the case.  Our review of the record shows the prosecution used the word "murder" approximately 12 times while examining witnesses.[7]  Most of the time, the prosecutor used

---

[7]     1.  "Now were you at Doris Murray's house on the day that she was murdered?"  (No objection made.)

2.  "Now at the time of your momma's murder, where were you living at?" (Objection made.)

3.  "And at that time did you begin investigating the murder of Doris Murray?"  (No objection made.)

4.  "Okay, so this is something that y'all created to show the layout of the crime scene as it appeared at the time of the murder?"  (No objection made.)

5.  "Do they accurately reflect the way that she was at the time that you saw her at the crime scene on the day of her murder?"  (No objection made.)

6.  "Okay, and you said ultimately the cell phone didn't have any real significance as far as the murder, though."  (No objection made.)

7.  "And this is the knife that you believe is the murder weapon?"  (No objection made.)

8.  "And that was all on May the 8th, three days after the murder."  (No objection made.)

9.  "So at this point he's saying that when they had their dispute which led to her being

the word while questioning the lead investigator for the case. Out of those 12 occasions when the prosecutor used the word in a query, appellant objected three times. After the first objection, the trial court admonished the prosecutor to refrain from using the word "too much," but did not bar the prosecutor's use of the word. The trial court sustained appellant's second objection and when appellant objected a third time, the trial court gave the following limiting instruction to the jury:

> Ladies and gentlemen of the jury, of course two of the charges in this case, as I'll explain to you later, count 1 charges the offense of felony murder[;] count 2 [charges] the offense of malice murder. These are in effect legal terms and I will talk with you about the various elements that are required to prove these offenses within the State of Georgia. So when the State, through Counsel, refers to ["]murder["] you should not consider that as evidence, as I mentioned to you earlier. What the attorneys say is not evidence in the case and certainly that should not be considered by you as such. That will ultimately be an issue for you as member of this jury to determine whether or not the State has proven its case beyond a reasonable doubt as to all counts in this case. So I would ask that the State refrain from referring to, in the questioning process of witnesses, refrain from using the word ["]murder["].

murdered, that there was nobody around. Is that right?" (Objection made.)

10. "[Is that a photograph of] [t]he murder victim in this case?" (No objection made.)

11. "So you're holding in your hand the knife that based on your investigation you believe was the murder weapon or the weapon used to kill Doris Murray." (No objection made.)

12. "Okay, now at any point at the time of the murder or going back before the murder when Ms. Murray and Mr. Stanley were together, did you ever see anything from Mr. Stanley that seemed strange to you in connection with Ms. Murray? (Objection made and motion for a mistrial.)

It was at this point appellant moved for a mistrial which motion the trial court denied.

The trial court was not obligated to bar the prosecution from using the word "murder" as appellant requested. See, e.g., Laney v. State, 271 Ga. 194, 196 (7) (515 SE2d 610) (1999) ("The trial court did not err in permitting the prosecutor to use the word 'murder' instead of 'homicide.'"). See also Stinski v. State, 286 Ga. 839 (9) (691 SE2d 854) (2010). The prosecutor's use of the word "murder" in his 12 queries to witnesses did not require those witnesses to opine on the ultimate issue in the case — whether appellant was guilty or not guilty of malice murder and related crimes stemming from Murray's death. The trial court's curative instruction to the jury had the effect of mitigating any possible unfairness to appellant. "Here, [appellant] has failed to show that the term 'murder' was used in an inappropriate way to influence the jury. See Inman v. State, 281 Ga. 67, 73 (5) (635 SE2d 125) (2006) ('In order to have reversible error, there must be harm as well as error.')." Dawson v. State, 300 Ga. 332, 335 (4) (794 SE2d 132) (2016).

The trial court did not abuse its discretion in denying the motion for mistrial.[8]

Judgment affirmed.  All the Justices concur.

Decided February 27, 2017.

Murder. Laurens Superior Court. Before Judge Flanders.

David J. Walker, for appellant.

Craig Fraser, District Attorney, Brandon Faircloth, Leslie L. Ray, Assitant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Aimee F. Sobhani, Assistant Attorney General, for appellee.

---

[8] See Wright v. State, 275 Ga. 427 (5) (569 SE2d 537) (2002), overruled on other grounds by Wilson v. State, 277 Ga. 195 (586 SE2d 669) (2003).